The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD THOMAS,

                Plaintiff,

v.

CHASE B. POWELL and JANE DOE POWELL, individually and the marital community composed thereof; BEN GRAF and JANE DOE GRAF, individually and the marital community composed thereof; RICHARD GRAF and JANE DOE GRAF, individually and the marital community composed thereof,

                Defendants.

Case No. C10-53 MJP

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND FOR COSTS AND ATTORNEY FEES**

      This matter comes before the Court on Plaintiff's motion for remand and for costs and attorney fees. (Dkt. No. 10.) Having reviewed the motion, The Pepsi Bottling Group, Inc.'s response (Dkt. No. 11), Plaintiff's reply (Dkt. No. 13), Plaintiff's supplemental brief (Dkt. No. 17), The Pepsi Bottling Group Inc.'s supplemental brief (Dkt. No. 19-2), and all papers submitted in support thereof, the Court GRANTS the Plaintiff's motion for the reasons set forth below.

**Background**

Donald Thomas ("Thomas") was injured in a motorcycle accident on August 15, 2007. (Mot. for Order to Show Cause (hereinafter "MSC"), Dkt. No. 11-3 at 1.) At that time, he was employed by The Pepsi Bottling Group, Inc. ("PBG"), which insured Thomas under an ERISA plan ("Plan"). (Id. at 2-3.) The Plan provides both reimbursement and subrogation rights to PBG. (Resp. to Show Cause, Dkt. No. 5-2 at 1-2.) After the accident, the Plan paid a total of $525,601.74 in medical bills and short term disability on behalf of Thomas. (MSC at 2.) The parties refer to this amount as PBG's "lien" against Thomas. (Id. at 2; Resp., Dkt. No. 11 at 3.)

Thomas filed suit in King County Superior Court against three defendants, one of whom the court dismissed on summary judgment. (MSC at 2.) During settlement negotiations, the remaining defendants offered a total of $606,488.99. (Id. at 2-3.) Thomas would accept this offer but for the fact that after subtracting attorney fees and costs, the lien will "consume his entire settlement." (Id. at 3.) In an effort to retain the full settlement amount and avoid reimbursing the Plan, Thomas moved for and received an order to show cause ("OSC") "why Pepsi Bottling Group, Inc. should not substitute its draft in favor of the plaintiffs in the amount of $606,488.99 offered by Defendants . . . to permit Thomas to settle and Pepsi Bottling Group, Inc. to independently pursue defendants on its alleged subrogation claim." (Order to Show Cause, Dkt. No. 11-4.)

After receiving the OSC, PBG removed Thomas v. Powell, et al. to this Court. (Dkt. No. 1.) Thomas moved for remand and for costs and attorney's fees. (Dkt. No. 10.) After reviewing the original briefing, the Court ordered additional briefing on the issue of whether PBG is a defendant under 28 U.S.C. § 1441(a), the removal statute. (Dkt. No. 14; see also Dkt. Nos. 17, 19-2.)

**Analysis**

A.   Motion for remand

   1.   Motion for remand standard

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a) (emphasis added). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999) (citation omitted), *superseded in statute on other grounds as stated in* Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006).

For purposes of removal, "[t]he majority view is that the determination of who is a defendant is determined by the original complaint." Schmidt v. Ass'n of Apt. Owners of Marco Polo Condo., 780 F. Supp. 699, 702 (D.Haw. 1991). "[G]enerally, a party who was not a defendant on the plaintiff's original suit will not be recharacterized as a 'defendant' by reason of the filing of later claims filed against that party in answers, third-party complaints, or claims in intervention." 16 Georgene Vairo, Moore's Federal Practice § 107.11(1)(b)(i) (3d ed. 2010).

   2.   PBG's defendant status

PBG contends it is a defendant in the Thomas v. Powell, et al. action "because the state court's Order to Show Cause required PBG to appear and defend or risk default . . . ." (Dkt. No. 19-2 at 5.) The Court disagrees.

To determine whether PBG is a defendant for purposes of removal, the Court looks first to Thomas's state court complaint. See Schmidt at 702; see also Vairo, supra, § 107.11(1)(b)(i). PBG concedes that Thomas did not name PBG as a defendant in the state court complaint. (Dkt. No. 19-2 at 5.) Further, the body of the complaint does not refer to PBG or the Plan. See Rice v.

1  Hamilton Air Force Base Commissary, 720 F.2d 1082, 1085; see Am. Compl., 07-2-32226-
2  4SEA (Jan. 17, 2008).

3  Given PBG's absence in the original complaint, PBG contends that the OSC constitutes a
4  complaint, claiming that "had Thomas filed a state court complaint against PBG, in substance,
5  the allegations would likely have been identical." (See Dkt. No. 19-2 at 5-6; see also Resp., Dkt.
6  No. 11 at 3.) PBG offers no authority to support its contention.

7  Contrary to PBG's argument, Thomas points the Court to two instructive cases involving
8  non-parties that improperly removed actions after receiving state court orders. (See Dkt. No. 17
9  at 4-5.) First, in In re Notice of Removal Filed by William Einhorn, 481 F. Supp. 2d 345 (D.N.J.
10 2007), the court remanded an action when it determined that a non-party insurance company
11 improperly removed it. Plaintiff Mr. Sheppard filed a divorce complaint. After the state court
12 ordered Mr. Sheppard's health insurance ("Fund") either to insure Mrs. Sheppard or to "submit
13 an Order to Show Cause to the Court as to why the above should not be complied with," the
14 Fund removed the case. Id. at 347. The court remanded, stating,

> [T]he Fund is not even a party to the state action. To interpret 'defendant' to
> include non-parties would produce an absurd result and would contravene more
> than 65 years of jurisprudence that has only allowed removal by 'defendants' to
> claims asserted by a plaintiff.

18 Id. at 347-38.

19 Second, the court in Ludwig v. New York Cent. Mut. Fire Ins. Co., 2009 WL 909672
20 (W.D.N.Y. 2009), finding Einhorn factually analogous and persuasive, also remanded an action
21 after Delphi Corporation ("Delphi"), a non-party, improperly removed to federal court. There,
22 Defendant obtained an OSC against Delphi. Id. at *1. Even though the dispute "revolve[d]
23 around" Defendant and Delphi, the court still found that Delphi (1) was not a party to the state
24 court action and, therefore, (2) improperly removed the action. Id. at *1-2.

25 Einhorn's state court order directing the Fund to insure Mrs. Sheppard resembles PBG's
26 OSC in this case. When the Fund was ordered to insure the defendant, the Fund asserted its

ORDER GRANTING PLAINTIFF'S MOTION FOR
REMAND AND FOR COSTS AND ATTORNEY FEES - 4

CASE NO. C10-53 MJP

1  "additional defendant" status in the divorce case and removed it to federal court. Einhorn at 347.
2  Here, PBG removed after it was ordered to show cause why it should not pay Thomas's
3  settlement amount. Neither the Einhorn nor the Thomas state court action originally included the
4  entity that later attempted to remove. Each entity was merely required to respond to a state court
5  order.

6  PBG unsuccessfully attempts to distinguish Ludwig on the basis that the non-party
7  received an OSC obtained by the defendant rather than the plaintiff. (Dkt. No. 19-2 at 6 n.4.)
8  The critical issue in Ludwig was not which party obtained the OSC, but rather whether the entity
9  removing the action was a defendant. Ludwig illustrates that receiving an OSC does not convert
10 a non-party into a defendant for purposes of removal. The court's reliance on Einhorn further
11 supports this reading.

12  3.  Complete preemption doctrine
13  PBG argues that the Court should not remand the action due to the Court's subject matter
14 jurisdiction under the complete preemption doctrine. (See Dkt. No. 11 at 3.) Subject matter
15 jurisdiction is irrelevant because the case was improperly brought before the Court.

16  4.  Uniformity
17  PBG contends that the Court must retain jurisdiction over this action because "ERISA
18 makes clear that federal courts have exclusive jurisdiction over all litigation relating to the
19 administration of ERISA plans . . . ." (Dkt. No. 19-2 at 2 n.3.) The Court disagrees. The
20 removal statute is unequivocal in its requirement that only a defendant may remove actions to
21 federal court. See 28 U.S.C. § 1441(c). PBG offers no authority that ERISA's uniformity policy
22 overrides this necessary element.[1]

23 B.  Motion for costs and attorney's fees
24  "An order remanding [a] case may require payment of just costs and any actual

---

[1] The Court is aware that there is a related matter also pending before this court (C10-54MJP, Pepsi Bottling Group, Inc. v. Thomas, et al.). Again, the existence of parallel federal litigation cannot override the jurisdictional reality that this case was improperly removed from state court.

expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[B]ad faith need not be demonstrated." Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 447-48 (9th Cir. 1992) (noting that "[t]he court's award of fees . . . is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted."). The decision to award fees is within the Court's discretion. Commentary on 1988 Revision of Section 1447 by David D. Siegel.

Here, PBG removed the action when it was not even a party to the case. With or without a finding of bad faith, Thomas should not bear the cost of defending this improper removal. The Court awards reasonable costs and attorney fees.

**Conclusion**

PBG has not met its burden of demonstrating proper removal in this case. Merely stating that the OSC constitutes a complaint, thereby creating defendant status, is insufficient. The Court REMANDS this case to state court and awards Thomas reasonable costs and attorney fees pursuant to 28 U.S.C. § 1447(c). The Court orders Thomas to submit a cost and attorney fees declaration within one week of this Order.

The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this _7th_ day of May, 2010.

Marsha J. Pechman
United States District Judge